The opinion of . the Court was delivered by
Mr. Justice Gantt.
Several grounds in support of this motion have been taken, all of which may be substantially comprised within the following: viz. misdirection of the Judge to the Jury in relation to the evidence, and the rule given by him in regard to the assessment of damages. In this action the plaintiff can recover only secundum allegata et probata, and the proofs are to be specifically confined to that which the plaintiff hath alleged as his gravamen. Now the breach here assigned is, that Sawney and Annetta were not of the description warranted by the defendant in his covenant, In support of this allegation the plaintiff offered proof, by which the following facts were satisfactorily established: to wit, that the fellow Sawney was a runaway and thief; and that, prior to the sale, he had been emasculated; not a tit- *106 tie of proof is offered to falsify the warrantee, as to the unfortunate Annetta. The point of inquiry, therefore, before the Jury, on this record, should have been confined to the-allegation, and its proofs respecting the fellow Sawney. The presiding Judge, however, permitted other testimony to go to the Jury, irrelevant to the subject matter of their inquiry, evidence which related to the murder of the woman Annetta, and by his charge sanctioned the giving of damages equal to the price paid for her, in addition to what might be assessed on account of the breach of covenant proved as to Sawney. Had the defendant appeared to the action, and taken issue on the breach as assigned, it is evident that the plaintiff could have gone into no testimony unconnected with the issue, a transaction not noticed in any part of the proceedings, constituting a distinct and substantive inquiry, and respecting which the defendant could not be supposed to come prepared to defend himself. The reason is the same on the execution of a writ of inquiry, and- such testimony alike inadmissible. It is,most obvious that the proof offered, showing that Annetta had been murdered, could not in any manner be said to prove the allegation that she was not such a negro as the defendant, Sims, had warranted her to be. The fact might have been true, and no breach of covenant as to her. Nor is there, in any part of the record, an allegation or count, that Sawney had been the *107 murderer of Annetta ; consequently, no possible ground to let in the evidence in relation to this murder, were it otherwise compatible with the rules of law. The following Cases are affixmaiory of this position-: Lettler vs. Holland, 3 Term Reports, 590, {f where plaintifF covenanted for a sum of money, to build a house within a certain time, and averred, in an action for non-payment of the money, that the house was built within the time; it was holden, that evidence that the time had been enlarged by parol agreement, and the house finished within the enlarged time, did not support the declaration.” So in Harris vs. Mantle, (3 Term Rep. 307,) where the breach assigned was, “ That the defendant had not used the premises in a husband-like manner, but, on the contrary, had committed waste. Plea — that defendant had not committed waste. At the trial, the plaintifF offered evidence to show, that the defendant had not used the premises in an, husband-like manner, which did not, however, amount to waste; the Judge rejected the evidence, being of opinion that, on this issue, it was not competent to the plaintifF to prove any thing which fell short of waste; an opinion which was afterwards confirmed.” Those cases are illustrative of the position taken by the Court, and show that no testimony in an action of this kind is admissible, but such as goes to maintain the point in issue, or on a writ of inquiry, the. specific breach which authorizes the plaintifF to. *108 commence his action. As to the damages which were recoverable in this particular case, and the rule by which they ought to have been apportioned, I am of opinion, that the price paid for Sawney, with interest thereon from the time of purchase, (provided his services had been of no value,) and all accruing costs, would constitute the utmost limit: beyond this, the Jury could not have gone. But it is morally certain, the Jury have gone much further: they have found the value in damages of the wench Annetta, in addition to the value of Sawney, and upon testimony totally inadmissible. Upon the whole, I think that a new trial should be had, both on the ground of improper testimony going to the Jury, and misdirection of the Judge as to the damages which the Jury would be warranted in finding.
Grímké, Nott, Colcock, Johnson, and Cheves, J, concurred.